## The People of the State of Illinois, Defendant in Error, v. Leon A. Berezniak, Plaintiff in Error.

## Gen. No. 18,304.

CONTEMPT, § 17*—*when unlicensed attorney not guilty of.* A contempt order reciting that the defendant was in open court and acted before the court as a properly admitted and licensed attorney and participated in the trial of a cause as such an attorney where in truth he was not a party to the cause nor a properly admitted and licensed attorney, without a showing in what way defendant's conduct "tended to impede and interrupt the proceedings and lessen the dignity of the court," does not show any authority for committing defendant for a contempt of court.

Error to the Municipal Court of Chicago; the Hon. FRED C. HILL, Judge, presiding. Heard in this court at the March term, 1912. Reversed. Opinion filed November 24, 1913.

HARRY M. FISHER, for plaintiff in error.

MACLAY HOYNE, for defendant in error.

MR. JUSTICE BROWN delivered the opinion of the court.

This is a writ of error to reverse an order of the Municipal Court entered by one of the judges holding said court on February 8, 1912, committing the plain-

*See Illinois Notes Digest, Vols. XI to XIV, same topic and section number.

tiff in error to jail for five days for an alleged contempt of court committed in the presence of the judge. The only record in the case consists of the order itself, which recites that the defendant, Leon A. Berezniak, was present on February 8, 1912, in open court, and while the court was in open session appeared and acted before the court as an attorney at law, properly admitted and licensed by the Supreme Court under the laws of this State, and thereby entitled to practice as such in the court, and participated as such alleged attorney at law in the trial of the case of the *Inter Ocean Newspaper Company v. Frank J. Hanscom,* when in truth he was not a party to said cause nor an attorney admitted and licensed under the laws of the State and was not then and there entitled in any manner to appear and act in the court as such attorney. "Which conduct of said defendant tended to impede and interrupt the proceedings and lessen the dignity of the court," says the order.

Just how or why it so tended we are not informed, as no argument has been made in this court for the People.

Certainly no sufficient record is here to show any authority for this commitment. The defendant may have been admitted to practice in a neighboring State and relying on a well known custom of our courts have supposed the courtesy of being allowed to appear would be accorded him. He may have been the agent of the corporation which was a party to the suit. It doesn't appear how he "participated" in the trial. Perhaps he was taken by surprise by the accidental absence of the lawyer for the corporation and acted as a *locum tenens* while waiting for him.

Many things might be imagined which would leave the findings of the court true, and yet negative any intention on the part of the plaintiff in error "to impede and interrupt the proceedings and lessen the dignity of the court."

We can hardly suppose that under such circum-

352    APPELLATE COURTS OF ILLINOIS.

B. & R. B. & M. Co. v. Modzelewski et al., 183 Ill. App. 352.

stances a judge would have sent him for five days to the county jail, but as those *may* have been the facts as far as appear, the order is reversed.

*Reversed.*